UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADELA VILLAFANA RODRIGUEZ, <br><br> Petitioner, <br><br> v. <br><br> JASON KNIGHT, Field Office Director of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement; KENNETH PORTER, Acting Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; KRISTI NOEM, Secretary, U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, U.S. Attorney General, <br><br> Respondents. | Case No. 1:25-cv-00600-BLW <br><br> **MEMORANDUM DECISION AND ORDER RE: PETITIONER'S MOTION FOR ATTORNEY FEES** |

Before the Court is Petitioner's Motion for Attorney Fees and Costs Under Equal Access to Justice Act (EAJA) (28 U.S.C. § 2412(D) (Dkt. 24). Respondents do not oppose the motion. *See Notice of Non-Opposition*, Dkt. 26. Having carefully considered the record, the Court enters the following Order.

Petitioner initiated this action on October 21, 2025, seeking a writ of habeas corpus. *See Petition*, Dkt. 1. On November 19, 2025, the Court granted the Petition for Writ of Habeas Corpus, ordering Petitioner's immediate release. *See*

**MEMORANDUM DECISION AND ORDER RE: PETITIONER'S MOTION FOR ATTORNEY FEES - 1**

*Memorandum Decision and Order*, Dkt. 18. The next day, the Court issued a Judgment, making the decision final and Petitioner the prevailing party in this action. *See Judgment*, Dkt. 19; *see also Nadarajah v. Holder*, 569 F.3d 906, 923 (9th Cir. 2009) (finding that a petitioner securing relief on habeas corpus litigation "ultimately prevailed"). Respondents' subsequent voluntary dismissal of their appeal reaffirms Petitioner's status as a prevailing party.

Petitioner now seeks attorney fees and other expenses pursuant to the EAJA, 28 U.S.C. § 2412(d). *See Mot. for Att'y Fees*, Dkt. 24. Under the EAJA, a court "shall award" fees "to any prevailing party . . . in any civil action" unless the Court finds that the position of the United States is "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) ("Habeas corpus proceedings are civil in nature."). Respondents bear the burden of showing they should not be required to pay fees under this standard. *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017) ("The government has the burden of showing that its position was substantially justified."). Because Respondents did not object to Petitioner's fee request, they have made no showing that their position was substantially justified, *see id*, and nothing in the record suggests "special circumstances" that would "make an award unjust." Petitioner is therefore entitled to attorney fees under § 2412(d)(1)(A).

MEMORANDUM DECISION AND ORDER RE: PETITIONER'S MOTION FOR ATTORNEY FEES - 2

Even absent an objection, the Court has an independent obligation to review the reasonableness of both the fee charged and the hours expended. The EAJA provides that the rate charged must be based on prevailing market rates not to exceed a maximum rate of $125 per hour unless the Court finds that a higher rate is justified by increases in the cost of living or by a special factor such as "the limited availability of qualified attorneys for the proceedings involved." 28 U.S.C. § 2412(d)(2)(A).

The Ninth Circuit publishes guidelines that adjust EAJA fees for cost of living. In 2025, the adjusted maximum rate for work performed pursuant to the EAJA was $258.46.[1] Petitioner's counsel submitted attorney billing records documenting 22.90 hours of attorney and paralegal time at rates ranging from $125 to $350 per hour, totaling $ 5,130.00. *See Total Att'y Fees and Costs*, pp. 1-7, Dkt. 25-3. Some of these rates exceed the statutory maximum, but the Ninth Circuit has recognized that rates above that maximum may be justified in litigation requiring "distinctive knowledge" and "special skill." *Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005). A specialty in immigration law may warrant an enhanced fee where the case demands expertise in "esoteric nooks and crannies of immigration law . . . to give the alien a fair shot at prevailing." *Id.* (quoting *Muhur v. Ashcroft*, 382 F.3d 653, 656 (7th Cir. 2004)).

---

[1] *See* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/.

**MEMORANDUM DECISION AND ORDER RE: PETITIONER'S MOTION FOR ATTORNEY FEES - 3**

Here, the litigation required addressing novel issues under the Laken Riley Act and the legislative and agency history of the Immigration and Nationality Act under 8 U.S.C. §§ 1225 and 1226. This work justifies the enhanced attorney rates requested. As for the paralegal work, the requested hourly rates reflect prevailing market rates, and paralegal fees are recoverable at market rates under the EAJA. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008). The Court further finds the total number of hours is reasonable. The Court therefore awards attorney and paralegal fees in the requested amount of $5,130.00.

Petitioner also seeks an award of expenses in the amount of $87.00. *See Total Att'y Fees and Costs*, p. 1, Dkt. 25-3. A prevailing party may recover "other expenses," including service fees and postage, pursuant to the EAJA. 28 U.S.C. § 2412(d)(1)(A); *Int'l Woodworkers of Am. Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985). Accordingly, the Court will award expenses in the amount of $87.00.

## ORDER

**IT IS ORDERED that:**

1. Petitioner's Motion for Attorney Fees and Costs Under Equal Access to Justice Act (EAJA) (28 U.S.C. § 2412(D) (Dkt. 24) is **GRANTED**. Petitioner is awarded attorney fees and paralegal fees in the amount of $5,130.00 and expenses in the amount of $87.00 to be paid by Respondents.

The award may be sent directly to the law firm of Petitioner's counsel.

2.   Good cause appearing, Petitioner's Motion to Seal (Dkt. 25) is **GRANTED**.

DATED: August 4, 2026

_____

B. Lynn Winmill
U.S. District Court Judge